**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLAS ORANTES HERRERA, | No. 11-72585 |
| Petitioner, | Agency No. A072-442-102 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Blas Orantes Herrera, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and special rule

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Orantes Herrera did not demonstrate that he suffered past persecution in Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (harm to family must be closely tied to petitioner himself). Substantial evidence also supports the agency's finding that Orantes Herrera did not demonstrate a well-founded fear of persecution in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We reject Orantes Herrera's contentions regarding the adequacy of the agency's consideration of his evidence and the integrity of the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, Orantes Herrera's asylum claim fails.

Because Orantes Herrera failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Orantes Herrera's CAT claim because he did not establish it is more likely than not that he will be tortured at the instigation of, or with the consent or acquiescence of, the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review the BIA's factual determination that Orantes Herrera is ineligible for NACARA relief, *see Ixcot v. Holder*, 646 F.3d 1202, 1213 (9th Cir. 2011), and Orantes Herrera does not raise a colorable due process claim challenging this factual determination, *see Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**